# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD GENE DILL and <br> JOYCE A. DILL, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY <br> COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-09-440-SPS <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER
## DENYING MOTION TO REMAND

The Plaintiffs Donald Gene and Joyce A. Dill owned a home located in Weleetka, Oklahoma that suffered extensive fire damage in April 2009. The Dills claimed loss under a homeowner's insurance policy issued by the Defendant State Farm Fire and Casualty and eventually sued State Farm in the District Court of Okfuskee County for failure to deal fairly and in good faith. State Farm removed the action to this Court pursuant to 28 U.S.C. § 1332(a)(1), citing diversity of citizenship. The Dills moved to remand, asserting that State Farm failed to show that the amount in controversy herein exceeds $75,000.00. For the reasons set forth below, the Court finds that the Plaintiffs' Motion to Remand and Brief in Support [Docket No. 13] should be DENIED.

The Dills argue that the face of their state court petition does not affirmatively show that the amount in controversy herein exceeds $75,000.00. That is certainly true. But State Farm supported removal with a copy of the Sworn Statement in Proof of Loss submitted by the Dills in support of the claim under their homeowner's policy, which

clearly *does indicate* that the amount in controversy exceeds $75,000.00, *i. e.*, the Dills demanded $103,588.17 from State Farm under their homeowner's policy. *See, e. g., McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability."), *citing Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). The Dills do not contend that their sworn proof of loss was inflated or otherwise attempt to disavow it. *See Cohn,* 281 F.3d at 840 ("Cohn could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence. Rather, he consistently maintained that his mark is worth more than $100,000."). Nor do they stipulate that they are seeking less than the jurisdictional amount of $75,000.00.

The Dills do contend that they are suing State Farm only for bad faith, not for breach of contract, and that their proof of loss (which they attribute to a public adjuster, although they do not deny signing it themselves) is therefore immaterial. "But when an action is pressed for bad-faith refusal to settle . . . the plaintiff may seek damages (a) for the loss payable under the policy together with (b) those other items of recovery that are consistent with harm flowing from insurer's bad-faith breach of its implied-in-law duty to

settle. In sum, while no identifiable *ex contractu* recovery is achieved by the victorious bad-faith plaintiff, *indemnity for loss (under the contract) constitutes the centerpiece element of damages* included in every *ex delicto* recovery for bad-faith refusal to settle." *Taylor v. State Farm Fire & Casualty Co.*, 1999 OK 44, ¶ 9, 981 P.2d 1253, 1258 [emphasis added]. *See also* OUJI-CIV No. 22.4 ("In fixing the amount [of damages for bad faith by an insurer] you may consider the following elements: (1) Financial losses; (2) Embarrassment and loss of reputation; and (3) Mental pain and suffering."). The full amount claimed by the Dills in their sworn proof of loss therefore *clearly is in play* here notwithstanding the omission of a claim for breach of contract. *See McPhail,* 529 F.3d at 957 ("Even assuming the amount in controversy was not apparent from the face of the complaint, this background information provides enough supplementary information for the district court to conclude that it is not legally certain that Mrs. McPhail will recover an amount less than $75,000."). Consequently, the Plaintiffs' Motion to Remand and Brief in Support is DENIED.

IT IS SO ORDERED this 9th day of February, 2010.

_____
**Steven P. Shreder**
**UNITED STATES MAGISTRATE JUDGE**